Argued and submitted February 23, 2016, reversed and remanded June 7, 2017

Kemisha ANDERSON,
*Petitioner*,

*v.*

DEPARTMENT OF HUMAN SERVICES,
by and through Background Check Unit,
*Respondent.*

Department of Human Services
S13204627; A156525

397 P3d 564

Megan Dorton argued the cause for petitioner. With her on the briefs was Legal Aid Services of Oregon.

Peenesh H. Shah, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## SERCOMBE, P. J.

Petitioner Kemisha Anderson seeks judicial review of an order of the Background Check Unit (BCU) of the Department of Human Services (DHS) dismissing her request for hearing from a notice determining that she is not fit for a position as a caregiver with a prospective employer, based on the results of a criminal background check. The order is subject to review under ORS 183.482. We conclude that BCU erred in dismissing petitioner's request for hearing, and we therefore reverse.

The relevant facts are procedural and are not in dispute. Petitioner applied for a position as a caregiver with an adult care home program that was required to perform a criminal background check. Petitioner did not disclose to her prospective employer recent convictions for DUII and failure to perform the duties of a driver, and they were revealed through the background check. Petitioner received a notice from BCU stating that she had been denied a determination of fitness for the position, based on the convictions.

Under *former* ORS 181.534(14)(a),[1] DHS was required to "establish by rule a contested case process by which a [subject individual] may appeal the determination that the individual is fit or not fit to hold a position." DHS has adopted OAR 407-007-0330(6), which provides that

> "[a subject individual] may contest an adverse fitness determination by requesting a contested case hearing. The contested hearing is conducted in accordance with ORS 183.411 to 183.497 [relating to the conduct of contested case hearings] and the Attorney General's Uniform and Model Rules of Procedure for the Office of Administrative Hearings (OAH), OAR 137-003-0501 to 137-003-0700. [Model Rules.]"

Petitioner timely requested a hearing.

OAR 407-007-0330(7) provides that BCU may "conduct an administrative review before referring the appeal to OAH." OAR 407-007-0330(7)(a) provides:

---

[1] As of January 1, 2016, *former* ORS 181.534 was amended and renumbered as ORS 181A.195. Or Laws 2015, ch 758, § 6.

> "The [subject individual] must participate in the administrative review. Participation may include but is not limited to providing additional information or additional documents requested by the BCU within a specified amount of time."

In response to petitioner's request for hearing, BCU mailed a letter to petitioner with a list of 29 questions or requests for information. The letter requested documentation and copies of records relating to petitioner's criminal record, drug and alcohol assessment and treatment, sobriety, mental health, anger management, and involvement with child protective services. The letter also asked petitioner to provide general information about her background and views.[2] The letter advised petitioner that she was required to answer each item "or your case will be closed for failing to participate and your rights to a hearing will be terminated." Petitioner responded by letter addressing most, but not all, of the items.[3]

OAR 407-007-0330 provides, in part:

> "(11) BCU may make an informal disposition based on the administrative review. The Department shall issue a final order and new notice of fitness determination. If the resulting fitness determination is an adverse outcome, the appeal shall proceed to a contested case hearing.

---

[2] For example, BCU asked petitioner to address:

"Do you believe your history is relevant to the position of a Caregiver? Why or why not?"

"Do you believe that the ability to exercise good judgment is relevant to the position of a Caregiver? Why or why not?"

"Provide any information regarding your accomplishments in education that you wish to provide."

"Provide any information regarding licensure, certification and/or training that you wish to provide."

"Provide verification of any other type of treatment, rehabilitation or counseling you may have participated in."

[3] Petitioner's counsel explained:

"Some of the requested documents were not in [petitioner's] custody and ability to provide, including, for example, a statement from her probation officer, who declined to provide one to her. Other documents, like domestic violence treatment records, simply did not exist. Finally citing privacy concerns, she did not supply the agency with some of the mental health records requested."

"(12)   BCU shall issue a dismissal order in the following situations:

"* * * * *

"(b)   BCU shall dismiss a hearing request when the [subject individual] fails to participate in the administrative review. Failure to participate in the administrative review shall result in termination of hearing rights. * * * BCU shall review a good cause request to reinstate hearing rights if received in writing by BCU within 14 calendar days."

BCU determined that petitioner had not given complete responses or had not provided information relating to nine of the 29 questions, and determined on that basis that she had failed to participate. BCU therefore issued an order dismissing the request for hearing. Petitioner did not file a "good cause request" to reinstate her hearing rights.

In her third assignment of error on judicial review, petitioner contends that BCU erred in determining that she failed to participate in the informal administrative review. OAR 407-007-0330(12)(b) does not define what is meant by a "failure to participate." DHS asserts that a failure to participate is, simply, the converse of what OAR 407-007-0330(7)(a) describes as "participation"—providing the "additional information or additional documents requested by the BCU within a specified amount of time." In DHS's view, BCU was entitled to construe the rule to require that a subject individual provide to BCU *all* of the additional information or documents requested or risk dismissal of the request for hearing based on a failure to participate. DHS contends that its interpretation of its own administrative rule is a plausible one and that it is entitled to deference. *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994).

We agree with DHS's understanding that the administrative rule, as plausibly interpreted, requires that an individual participate in the administrative review process by providing the requested information or documents.[4]

---

[4] As relevant here, *Webster's Third New Int'l Dictionary* 1646 (unabridged ed 2002) defines "participate" as "to take part in something (as an enterprise or activity) usu. in common with others."

But respectfully, DHS's interpretation of what constitutes a *failure* to participate is not plausible. The rule does not define a "failure to participate." *Webster's* defines "failure" as

"**a :** an omission of performance of an action or task; *esp* neglect of an assigned, expected, or appropriate action. \* \* \* **b :** the fact of certain action or process not having occurred **:** the fact of nonoccurrence[.]"

*Webster's Third New Int'l Dictionary* 815 (unabridged ed 2002). Those definitions suggest that a "failure" is an absence of participation, or nonparticipation, not merely incomplete participation.

Moreover, the supervening Model Rules that govern the hearings process before an OAH administrative law judge—as is the case here—corroborate this understanding of the meaning of "failure to participate." Those rules provide that a contested case can be resolved by a "final order by default," OAR 137-003-0510(4). The contested case notice must include a "statement indicating whether and under what circumstances an order by default may be entered." OAR 137-003-0505(1)(g). OAR 137-003-0528 allows an order by default for an untimely request for a hearing. Otherwise, OAR 137-003-0530(1) provides that the late filing of "any document for the contested case proceeding, except a hearing request, within the time specified by agency rules or these model rules of procedure" results in the filing not being accepted unless the agency or the administrative law judge determines "that there was good cause for failure to file the document within the required time."

Although "default" is not defined in the Model Rules, it is defined in the accompanying *Oregon Attorney General's Administrative Law Manual* F-3 (2014) that accompanies the rules as an "omission; a neglect or failure of any party to take a step required in the progress of a proceeding such as a contested case." Thus, because OAR 407-007-0330(12)(b) implements the "order by default" allowed by the Model Rules, a "fail[ure] to participate" was likely intended to reference a single "omission; a neglect or failure of any party to take a step" in the process. Here, petitioner did not omit, neglect, or fail to participate in the administrative review process.

DHS could define by administrative rule the level of participation necessary to constitute compliance with OAR 407-007-0330. But we cannot conclude that participation means 100 percent compliance with each and every request of BCU in its "informal" administrative review, or that a "fail[ure] to participate" is any compliance less than 100 percent in BCU's estimation. BCU sought petitioner's participation by requiring responses to questions and additional documentation. Clearly, petitioner did participate in that process in a meaningful way by submitting a three-and-a-half page narrative response to BCU's questions, along with 14 pages of attachments. In its "informal" administrative review, BCU had the authority to adhere to its adverse determination so that the matter could proceed to hearing. But it could not dismiss petitioner's request for hearing based on a failure to participate.[5] In view of our conclusion that petitioner is entitled to a hearing, we do not address petitioner's remaining assignments of error.

Reversed and remanded.

---

[5] We reject DHS's contention that the petition for judicial review should be dismissed because petitioner did not make a "good cause" request to reinstate her hearing rights. BCU's order dismissing petitioner's request for hearing advised her that she could request reconsideration, stating that the request "may be granted if you provide documented proof that your failure to participate was due to circumstances beyond your control." That notice suggests that BCU viewed the reconsideration as an opportunity to explain a complete absence of participation. In any event, the order of dismissal also advised petitioner that she had the right to seek judicial review of the order under ORS 183.482, implying that a request for reconsideration was optional.